UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZAKARIA KHAFAGY, CHRISTOPHER HORSFORD, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>-against-<br><br>AMERICAN MULTI-CINEMA, INC.,<br><br>Defendant. | Case No.<br><br>**RULE 23 CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs ZAKARIA KHAFAGY, CHRISTOPHER HORSFORD ("Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, Sacco & Fillas LLP, file their Class Action Complaint against Defendant AMERICAN MULTI-CINEMA, INC., upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

1. **PRELIMINARY STATEMENT**

    1. This is a wage and hour class action which seeks to recover damages for untimely wages for Plaintiffs and their similarly situated hourly non-exempt employees (collectively, "Putative Class Members") who work or have worked for Defendant AMERICAN MULTI-CINEMA, INC. in New York during the six years and 228 days preceding the filing of this Complaint.

    2. During Plaintiffs' employment, Defendant paid Plaintiffs and other Putative Class Members were required to spend at least twenty-five percent of their time on physical work duties. Defendant, however, paid Plaintiffs and other Putative Class Members on a biweekly basis.

    3. Plaintiffs bring this action on behalf of themselves, and all similarly situated current and former Putative Class Members pursuant to the New York Labor Law, Article 6, § 191("NYLL").

## 2. JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiffs and the members of the proposed class are citizens of states different from that of Defendant.

5. This court also has diversity jurisdiction over this action pursuant to 28 U.S.C.A. § 1332(a)(1) and (c)(1). There is complete diversity of citizenship between the opposing parties since the Plaintiffs reside in New York State and are citizens of that state while Defendant is a citizen of Missouri, with its principal place of business located at One AMC Way, 11500 Ash Street, Leawood, Kansas, 66211.

6. There are over 100 members in the proposed class.

7. Defendant is subject to personal jurisdiction in New York as it does business in New York.

8. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## 3. PARTIES

### 3.1. Plaintiff ZAKARIA KHAFAGY

9. Plaintiff ZAKARIA KHAFAGY is an adult individual who is a resident of Queens, New York.

10. Plaintiff ZAKARIA KHAFAGY was employed by Defendant from approximately February 10, 2023, to October 18, 2023.

11. At all times relevant, Plaintiff, ZAKARIA KHAFAGY, was an "employee" within the meaning of NYLL § 190(2).

12. At all times relevant, Plaintiff, ZAKARIA KHAFAGY, was a "manual worker" within the meaning of NYLL § 190(4).

13. Plaintiff ZAKARIA KHAFAGY is a covered employee within the meaning of the NYLL.

### 3.2. Plaintiff CHRISTOPHER HORSFORD

14. Plaintiff CHRISTOPHER HORSFORD is an adult individual who is a resident of Queens, New York.

15. Plaintiff CHRISTOPHER HORSFORD was employed by Defendant AMC from approximately July 2022 to September 1, 2023.

16. At all times relevant, Plaintiff, CHRISTOPHER HORSFORD, was an "employee" within the meaning of NYLL § 190(2).

17. At all times relevant, Plaintiff, CHRISTOPHER HORSFORD, was a "manual worker" within the meaning of NYLL § 190(4).

18. Plaintiff CHRISTOPHER HORSFORD is a covered employee within the meaning of the NYLL.

### 3.3. Defendant AMERICAN MULTI-CINEMA, INC.

19. Defendant AMERICAN MULTI-CINEMA, INC. is a Missouri corporation with its principal place of business in Kansas City, Missouri.

20. Defendant is a foreign business corporation organized and existing under the laws of Missouri.

21. Defendant AMERICAN MULTI-CINEMA, INC. and its subsidiaries are principally involved in the theatrical exhibition business.

22. Defendant has a principal place of business is located at One AMC Way, 11500 Ash Street, Leawood, Kansas, 66211 and a service of process address in the care of Corporate Creations Network, Inc. at 600 Mamaroneck Avenue, Suite 400, Harrison, New York 10528.

23. At all relevant times herein, Defendant AMERICAN MULTI-CINEMA, INC. was and remains the lessee or tenant of the premises at AMC Fresh Meadows 7 at 190-02 Horace Harding Expy, Queens, NY 11365.

24. At all relevant times herein, Defendant AMERICAN MULTI-CINEMA, INC. was and remains the applicant for a liquor license at AMC Fresh Meadows 7 at 190-02 Horace Harding Expy, Queens, NY 11365.

25. Defendant was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiffs and all other similarly situated employees.

26. Defendant is Plaintiffs' and the Putative Class Members' employer as a matter of economic reality.

27. Defendant has maintained control, oversight, and direction over Plaintiffs and all other similar employees, including timekeeping, payroll, and other employment practices that applied to them.

28. Defendant applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to frequency of payment of wages.

4. **FACTUAL ALLEGATIONS**

   4.1. **Defendants' Employment Practices**

29. Each of Defendant's movie theaters includes the employees working in roles, which all perform physical tasks and are paid on a bi-weekly basis.

30. Crew members must be qualified to stand, walk, lift, twist, and bend on a frequent basis.

31. Crew members must be able to lift up to 50 pounds and carry it up to 90 feet (or deposit it into a dumpster or trash compactor).

32. Crew members' work responsibilities include but are not limited to deterring customers from engaging in disruptive conduct, greeting guests, tearing and scanning tickets, checking identifications, directing guests, sales, enforcing movie ratings system, ensuring security of cash, receipts and tickets, operate assisted moviegoing equipment, cleaning and maintaining areas of the theater including auditoriums, restrooms, lobbies, concession areas, and box office area, nightly custodial duties including but not limited to vacuuming, mopping, seat-cleaning, sanitizing, restroom fixtures etc., controlling access to the theater, monitoring auditoriums for picture and sound quality, temperature, lighting levels, audience behavior and film piracy, daily stocking and maintenance duties.

33. Crew leads must have competency to perform all crew positions.

34. Crew leads must be qualified to stand, walk, lift, twist, and bend on a frequent basis.

35. Crew leads must be able to lift up to 50 pounds and carry it up to 90 feet (or deposit into dumpster or trash compactor).

36. Crew leads' work responsibilities include but are not limited to distributing guest passes, follow up on opening and closing duties including theater cleaning, kitchen cleaning, assist and coordinate in safe and clean protocols, pull cash from drawers and drop boxes, oversee line checks, stocking, foods assembly, distributing inventory to support food and beverage stand, secure inventory during closing, restocking, assisting in inventory process and stock room organization, perform maintenance work, perform booth operations, perform actual crew functions.

37. Cooks must have working knowledge of U.S. measurements, weight, and volume.

38. Cooks' work responsibilities include but are not limited to assembling food orders, operating large-volume cooking equipment such as grills, fryers, or ovens, upholding cleanliness standards and sanitation, maintenance of food safety compliance.

39. Facility maintenance managers must be qualified to stand, walk, lift, twist and bend on a frequent basis.

40. Facility maintenance managers must be qualified to lift up to 50 pounds and carry it up to 90 feet (or deposit into dumpster or trash compactor).

41. Facility maintenance managers must be qualified to demonstrate mechanical aptitude.

42. Facility maintenance managers must be qualified to show intermediate to advanced proficiencies in building trades including painting, wallpapering, plumbing, seating and equipment repair.

43. Facility maintenance managers must be qualified to demonstrate skill in maintenance and repair programs.

44. Facility maintenance managers' job responsibilities include but are not limited to building inspections, routine maintenance, repairs, painting, plumbing, carpentry, food and beverage equipment repair, cleaning, work with tools, ladders and lifts.

45. Supervisors must be able to stand, walk, lift, twist and bend on a frequent basis and have the ability to lift up to 50 pounds and carry it up to 90 feet or deposit into dumpster or trash compactor.

46. Supervisors must, inter alia, coordinate and coach theatre crew to perform the "essential functions" of their positions, supervise, coach and coordinate theatre crew to execute and comply with Safe and Clean protocols, perform daily opening, closing, operational, and administrative duties, and participate in the daily inventory processes.

47. Bartenders must be able to stand, walk, lift, twist and bend on a frequent basis and have the ability to lift up to 50 pounds and carry it up to 90 feet or deposit into dumpster or trash compactor.

48. Bartenders must, inter alia, accurately take beverages orders from guests and deliver within established time frames in the bar and lounge area. At dine-in locations, this may also include food items, prepare beverages that are consistent, and not deviate from procedures and ingredients outlined in recipes. Pour beer and wine to specific portions, set up and maintain appropriate stock levels for the bar, maintain cleanliness of the bar and lounge area, including related equipment, Maintain a clean, sanitary, and safe work environment, complete all deep cleaning and assigned tasks prior to the end of shift, Follow instructions for the safe use of all chemicals/cleaning materials.

49. Kitchen managers must be able to stand, walk, lift, twist and bend on a frequent basis and have the ability to lift up to 50 pounds and carry it up to 90 feet or deposit into dumpster or trash compactor.

50. Kitchen managers must, inter alia, validate entire crew's adherence to recipes to ensure consistent food quality and presentation, ensure Line checks are completed twice daily to validate food safe temperatures, ingredient quality and readiness for volume, develop and coach associates through review of their completed line checks, ensure prep lists are generated daily so appropriate amounts of prepared products are available at all times, complete essential kitchen functions and ensure tasks are completed timely, confirm the usage of the pull thaw to ensure frozen items are safely thawed, understand and develop prep lists and order guides with par levels, place all orders using order guides and suggestive ordering within the inventory management system and receive orders using receiving logs, complete and record kitchen menu reviews twice daily, ensure that 2-stage cooling is in place for all necessary prepped food items and that the temperatures are

recorded, follow all procedures to ensure that the facility is clean, safe, and in good repair for associates and guests.

**4.2. Plaintiff ZAKARIA KHAFAGY**

51. Plaintiff ZAKARIA KHAFAGY was employed by Defendant AMERICAN MULTI-CINEMA, INC., while working at AMC Fresh Meadows 7 at 190-02 Horace Harding Expy, Queens, NY 11365.

52. Plaintiff ZAKARIA KHAFAGY was employed as a crew member by Defendant AMERICAN MULTI-CINEMA, INC.

53. Plaintiff ZAKARIA KHAFAGY's work included but was not limited to food preparation, working at the concession stand, box office vending, ushering, maintaining order at the theater, repairing seats, stocking and maintenance duties, custodial duties such as vacuuming, mopping, and cleaning the lobbies, concession areas, theaters, and bathrooms.

54. Plaintiff ZAKARIA KHAFAGY spent at least 25% of the time performing physical tasks that qualify them as Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

55. Plaintiff ZAKARIA KHAFAGY was paid on a bi-weekly basis.

56. Plaintiff ZAKARIA KHAFAGY was paid approximately $15 per hour.

**4.3. Plaintiff CHRISTOPHER HORSFORD**

57. Plaintiff CHRISTOPHER HORSFORD was employed by Defendant AMERICAN MULTI-CINEMA, INC., while working at AMC Fresh Meadows 7 at 190-02 Horace Harding Expy, Queens, NY 11365.

58. Plaintiff CHRISTOPHER HORSFORD was employed as a crew member and in approximately May 2023 as a crew lead by Defendant AMERICAN MULTI-CINEMA, INC.

59. Plaintiff CHRISTOPHER HORSFORD's work included food preparation, working at the concession stand, box office vending, ushering, maintaining order at the theater, repairing seats, stocking and maintenance duties, custodial duties such as vacuuming, mopping, and cleaning the lobbies, concession areas, theaters, and bathrooms.

60. Plaintiff CHRISTOPHER HORSFORD spent at least 25% of the time performing physical tasks that qualify them as Manual Workers as that term is used in Section 190(4) of the New York Labor Law.

61. Plaintiff CHRISTOPHER HORSFORD was paid on a bi-weekly basis.

62. Plaintiff CHRISTOPHER HORSFORD was paid approximately $15 per hour.

63. Plaintiff CHRISTOPHER HORSFORD was paid approximately $16 per hour as crew lead.

64. Plaintiff CHRISTOPHER HORSFORD was paid approximately $16.50 per hour for his last week of employment under Defendant.

## 5. CLASS ACTION ALLEGATIONS

65. The Proposed Class is defined as: All employees of Defendant who are "manual workers" as defined in NYLL § 190(4), who are or were paid later than seven calendar days after the end of the week in which the wages are or were earned while employed by Defendant in the State of New York between the date six years and 228 days[1] preceding the filing of this Complaint and the date a class is certified in this action.

---

[1] The COVID19 toll of statutes of limitations in New York extended from March 20, 2020 until November 3, 2020. (available at
https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.8.pdf [emphasis added]). Through a series of subsequent EOs, the Governor thereafter continued this directive (with certain exceptions not relevant here) through November 3, 2020 (see EO 202.14
[https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.14final.pdf]; EO
202.28 [*13] [https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.28.pdf]; EO 202.48
[https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.48.pdf]; EO 202.55
[https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.55.pdf]; EO 202.60
[https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.60.pdf]; EO 202.67

66. The class is so numerous that joinder of all members is impracticable because there are more than 100 members and Plaintiffs' claims are typical of those other members, in that anyone would seek the same discovery, make the same legal arguments, and rely on the same factual record for summary judgment.

67. Plaintiffs and the Proposed Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct.

68. Defendant's corporate-wide policies and practices affected everyone who worked in every store in the same way.

69. There are questions of law or fact common to the class including (1) the extent of physical work performed by each employee, and (2) whether each employee was timely compensated under the NYLL.

70. The claims or defenses of the representative parties are typical of the claims or defenses of the class.

71. The representative parties will fairly and adequately protect the interests of the class and have no interests antagonistic to the class.

72. Plaintiffs are represented by attorneys who are experienced and competent to bring this action.

73. Prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would

---

[https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.67.pdf [stating that "[t]he suspension in Executive Order 202.8, as modified and extended in subsequent Executive Orders, that tolled any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceedings as prescribed by the procedural laws of the state, including but not limited to . . . the civil practice law and rules . . . is hereby continued, as modified by prior executive orders, provided however, for any civil case, such suspension is only effective until November 3, 2020, and after such time limit will no longer be tolled"]).

establish incompatible standards of conduct for Defendant AMERICAN MULTI-CINEMA, INC.; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

74. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

75. Class action treatment will permit a large number of similar people to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

76. Defendant AMERICAN MULTI-CINEMA, INC., has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

77. Questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy given (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

**6. CAUSES OF ACTION**

   **6.1. First Claim – NYLL 191 – Frequency of Payment Violation**

78. Plaintiffs and Class Members allege and incorporate by reference all allegations in all preceding paragraphs.

79. Plaintiffs and Class Members are manual workers as defined by the New York Labor Law.

80. Defendant was required to pay the Plaintiffs and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

81. During the six years and 228 days prior to the commencement of this action, Defendant failed to pay Plaintiffs and Class Members on a weekly basis and instead paid Plaintiffs and Class Members bi-weekly or semi-monthly in violation of NYLL § 191.

82. Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." *People v. Vetri*, 309 N.Y. 401, 405 (1955).

83. The failure to provide wages owed to Plaintiff Hurd and all other similarly situated Manual Workers, according to NYLL § 191, constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (*citing Vega v. CM & Associates. Contr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

84. Defendant's conduct also constitutes an "injury in fact" suffered by Plaintiffs under Article III that is within the federal judicial power because Plaintiffs have "suffered an injury in fact that is concrete, particularized, and actual or imminent." *See Caul v. Petco* (infra).

85. Due to Defendant's violations, Plaintiffs and Class Members are entitled to damages equal to the total of the delayed wages, reasonable attorneys' fees and costs of this action.

7. **JURY TRIAL DEMANDED**

    86. Plaintiffs request a trial by jury.

8. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

   a. Issuing an order restraining Defendant from any retaliation against Plaintiffs or Class Members for participation in any form in this litigation;

   b. Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL and the supporting New York State Department of Labor Regulations;

   c. Certifying this action as a Class Action pursuant to Fed. R. Civ. P. 23;

   d. Designating Plaintiffs as representatives of the Class and counsel of record as Class Counsel;

   e. Awarding damages pursuant to NYLL §§ 191, 198;

   f. Awarding attorneys' fees incurred in prosecuting these claims;

   g. Awarding costs and expenses incurred in prosecuting these claims;

   h. Awarding pre-judgment and post-judgment interest as permitted by law; and

   i. Granting such other and further relief as this Court deems just and proper.

Dated: Astoria, New York  
       December 4, 2023

Sacco & Fillas LLP

By: _____/s/ Clifford Tucker_____  
Clifford Tucker, Esq.  
31-19 Newtown Ave., 7th Floor  
Astoria, New York 11102  
Ph: 718-269-2243  
CTucker@SaccoFillas.com

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO: AMERICAN MULTI-CINEMA, INC

PLEASE TAKE NOTICE THAT the plaintiffs and others similarly situated as employees of the above corporation and LLC who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, and Section 609 of the Limited Liability Company Law of New York, payment of debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the above corporation and LLC for services performed by them for the above corporation and LLC within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation and LLC, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporation/LLC and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Astoria, New York  
        December 4, 2023

Sacco & Fillas LLP

By: _____/s/ Clifford Tucker_____  
Clifford Tucker, Esq.  
31-19 Newtown Ave., 7th Floor  
Astoria, New York 11102  
Ph: 718-269-2243  
CTucker@SaccoFillas.com

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER
LIABILITY FOR SERVICES RENDERED**

TO: AMERICAN MULTI-CINEMA, INC.

PLEASE TAKE NOTICE THAT pursuant to the provisions of Section 630 of the Business Corporation Law of New York and Section 609 of the Limited Liability Company Law of New York, you are hereby notified that the plaintiffs and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders and/or members of AMERICAN MULTI-CINEMA, INC. of the said corporation/LLC for services performed by them for the said corporation/LLC within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf

Dated: Astoria, New York  
        December 4, 2023

Sacco & Fillas LLP

By: _____/s/ *Clifford Tucker*_____  
Clifford Tucker, Esq.  
31-19 Newtown Ave., 7th Floor  
Astoria, New York 11102  
Ph: 718-269-2243  
CTucker@SaccoFillas.com

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New York Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Translation / Traducción:

Por la presente, doy mi consentimiento para ser parte demandante en una acción para recuperar salarios no pagados, incluidos, entre otros, salarios mínimos, horas extras, horarios extendidos, gratificaciones, daños legales y liquidados, honorarios de abogados, costos, intereses y otras sumas que se me adeudan. y otros empleados en situaciones similares bajo la Ley Federal de Normas Laborales Justas, la Ley Laboral de Nueva York y las reglamentaciones de implementación y órdenes salariales.

Por la presente, autorizo a Sacco & Fillas LLP a presentar cualquier reclamo que pueda tener, incluido el litigio que sea necesario, y por la presente consiento, acepto y tengo la opción de convertirme en demandante en este documento y estar obligado por cualquier acuerdo de esta acción o adjudicación por La corte.

Name/Nombre: __Zakaria Khafagy__

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/Firma: __Zakaria Khafagy (Aug 9, 2023 19:18 EDT)__   Date/Fecha: __Aug 9, 2023__

# CONSENT TO JOIN ACTION

# REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New York Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Translation / Traducción:

Por la presente, doy mi consentimiento para ser parte demandante en una acción para recuperar salarios no pagados, incluidos, entre otros, salarios mínimos, horas extras, horarios extendidos, gratificaciones, daños legales y liquidados, honorarios de abogados, costos, intereses y otras sumas que se me adeudan. y otros empleados en situaciones similares bajo la Ley Federal de Normas Laborales Justas, la Ley Laboral de Nueva York y las reglamentaciones de implementación y órdenes salariales.

Por la presente, autorizo a Sacco & Fillas LLP a presentar cualquier reclamo que pueda tener, incluido el litigio que sea necesario, y por la presente consiento, acepto y tengo la opción de convertirme en demandante en este documento y estar obligado por cualquier acuerdo de esta acción o adjudicación por La corte.

Name/Nombre: __Chris Horsford__

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/Firma: __Chris Horsford (Oct 6, 2023 15:47 EDT)__   Date/Fecha: __Oct 6, 2023__